Filed 2/7/23 P. v. Contreras CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>BRANDON TROY CONTRERAS,<br><br>     Defendant and Appellant. | 2d Crim. No. B322199<br>(Super. Ct. Nos. 18CR10377,<br>19CR11852)<br>(Santa Barbara County) |

In October 2018, C.Z. woke up and saw Brandon Troy Contreras carrying property from her home. Sheriff's deputies apprehended Contreras later that day. He still had C.Z.'s property. He was in a stolen car.

Prosecutors charged Contreras with first degree residential burglary (Pen. Code,[1] §§ 459, 460, subd. (a)), receiving stolen property (§ 496, subd. (a)), and unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)). They also alleged that a

---

[1] Unlabeled statutory references are to the Penal Code.

person was present when Contreras committed burglary (§ 667.5, subd. (c)(21)). Contreras pleaded no contest to the burglary in exchange for the dismissal of the other two charges and the hot prowl allegation. The trial court suspended imposition of sentence, and placed him on three years of formal probation.

In December 2019, Contreras stole items from a grocery store. When confronted by the store's owner, Contreras returned the stolen goods. He also threw a rock at the owner.

Prosecutors charged Contreras with assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)) and misdemeanor shoplifting (§ 459.5, subd. (a)). They also alleged that he had suffered a prior strike (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and prior serious felony conviction (§ 667, subd. (a)(1)). Contreras pleaded guilty to the two charges, and admitted the allegations. The trial court continued sentencing and released him to a residential treatment program.

Contreras violated his probation terms and went through several competency proceedings over the next few years. When his competency was restored, the trial court revoked probation and sentenced him to four years in state prison on his 2018 burglary conviction and a consecutive two years on his 2019 assault. It dismissed his shoplifting conviction, struck the prior strike and prior serious felony enhancements, and suspended all fines and fees. Contreras's sentences were deemed served, and he was released on parole. This appeal followed.

We appointed counsel to represent Contreras in this appeal. After counsel examined the record, he filed an opening brief that raises no arguable issues. On December 15, 2022, we advised Contreras by mail that he had 30 days within which to

submit any contentions or issues he wished us to consider.  We have not received a response.

We have reviewed the entire record and are satisfied that Contreras's attorney fully complied with his responsibilities and that no arguable issue exists.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

3

Pauline Maxwell, Judge

Superior Court County of Santa Barbara

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.